UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE FARM GENERAL INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANKER INNOVATIONS LIMITED; AMAZON.COM SERVICES, INC. dba AMAZON.COM, INC.; and DOES 1 to 20, inclusive,<br><br>　　　　　Defendants. | No.  2:20-cv-00606-JAM-KJN<br><br>**ORDER GRANTING AMAZON.COM SERVICES, INC.'S MOTION TO DISMISS** |

　　　Following a 2018 house fire, State Farm filed a subrogation action against Anker Innovations Limited ("Anker Innovations") and Amazon.com Services, Inc. ("Amazon") in Sacramento County Superior Court.  State Farm alleges an Anker-brand battery pack, sold through Amazon, caused the fire.  See Ex. A to Notice of Removal ("Compl.") ¶¶ 7-9, ECF No. 1-1.  Amazon removed the case to federal court, invoking the Court's diversity jurisdiction.  Notice of Removal ¶¶ 3-8, ECF No. 1.

　　　Following removal, State Farm dismissed one of its three claims against Amazon.  ECF No. 10; see also April 8, 2020 Order, ECF No. 12.  Amazon filed a motion to dismiss the remaining

1

negligence and strict liability claims shortly thereafter.[1] Memo. ISO Mot. to Dismiss ("Mot."), ECF No. 13. State Farm opposed the motion, ECF No. 16, and Amazon filed a reply, ECF No. 19. For the reasons discussed below, the Court grants Amazon's motion and dismisses State Farm's claims without prejudice. See Sims v. AT&T Mobility Services LLC, 995 F. Supp. 2d 1110, 1114 (E.D. Cal. 2013) (quoting Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003)) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment.").

## I.  BACKGROUND

Shirley Temming and Scott Turney, both insured by State Farm, are subragors in this action. Compl. ¶ 7. Temming owns the property at 9040 Mojave Drive in Sacramento, California. Id. In 2018, Temming had leased the property to Turney. Id. While Turney was living at 9040 Mojave Drive, the property caught on fire. Id. The fire began in the living room and resulted in damage both inside and outside of the house. Id.

In the incident's aftermath, an Anker-rand battery pack was found "adhered to the living room [] tabletop." Id. Two e-cigarettes were plugged into the battery pack via USB charging adapters. Id. State Farm's expert examined the fire patterns on the battery pack and concluded the Anker product caused the fire.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 2, 2020.

2

1  Compl. ¶ 8.  According to the complaint, "[t]he [] battery pack
2  charger [was] purchased through Amazon."  Compl. ¶ 7.

##        II.   OPINION

Amazon argues the Court should dismiss State Farm's negligence and strict liability claims for two reasons.  First, State Farm so commingles its allegations against the two Defendants that Amazon lacks notice of what conduct State Farm challenges.  Mot. at 4-6.  Second, State Farm allegations are insufficiently particular to state a negligence or strict liability claim.  Id. at 6-10.  Although the Court does not find Amazon's commingling argument persuasive, it agrees that State Farm's conclusory allegations fail to state either a negligence claim or a strict products liability claim against Amazon.

### A.   Commingling Defendants

A complaint must give "fair notice of the claim being asserted and the grounds upon which it rests."  In re Sagent Tech., Inc., 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003) (internal quotations omitted).  When a complaint raises allegations against multiple defendants without specifying who engaged in what conduct, it fails to provide the type of notice Rule 8 requires.  Id. at 1094-95; see also Fed. R. Civ. Proc. 8; Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (dismissing a complaint because the plaintiff failed to specify each defendant's alleged misconduct).

Amazon contends State Farm improperly "commingles its allegations . . . lumping all defendants together and alleging that all defendants committed all actions, without distinction."

1 | Mot. at 4.  The Court disagrees.  Admittedly, the complaint is
2 | not a model of clarity.  But a common-sense reading of the
3 | allegations provides sufficient notice that State Farm
4 | challenges (1) Anker's production and sale of the battery pack,
5 | and (2) Amazon's facilitation of that sale.  See Compl. ¶ 7
6 | ("The battery pack is an Anker Astro 3E model."); id. ("The
7 | subject battery pack charger had been purchased through
8 | Amazon."); see also Opp'n at 6.  The Court finds State Farm
9 | adequately differentiated between Anker's and Amazon's conduct.

### B.   Strict Liability

The Court does not, however, find that State Farm's allegations support a strict liability claim against Amazon.  In ruling on a motion to dismiss, courts must accept all well-pleaded facts as true, but they cannot assume the truth of "unwarranted inferences and sweeping legal conclusions" simply because they are "cast in the form of factual allegations." Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109-10 (E.D. Cal. 2009); see also Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S., 497 F.3d 972, 975 (9th Cir. 2006).

As Amazon argues, California law recognizes three theories of strict products liability: (1) manufacturing defect; (2) design defect; and (3) failure-to-warn defect.  Mot. at 6 (citing Lucas v. City of Visalia, 726 F. Supp. 2d 1149, 1154 (E.D. Cal. 2010)).  State Farm purports to allege all three theories of liability.  Compl. ¶¶ 18-25.  But, to be sure, the complaint provides no more than "a formulaic recitation of the elements," Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

4

The Court recognizes that State Farm's strict liability incorporates by reference the factual allegations made in paragraphs one through sixteen of its complaint. Compl. ¶ 17. But those allegations, even taken as true, do not satisfy each element of a strict products liability claim. For example, State Farm concedes that a manufacturing defect claim requires allegations that "the product differs from the manufacturer's design or specifications or from other typical units of the same product line." Compl. ¶ 19. But nothing in State Farm's complaint explains how the Anker battery pack is typically designed or how the battery pack at issue differs from the norm. Similar shortcomings plague each of State Farm's theories of strict products liability. See Compl. ¶¶ 18-25.

In short, State Farm's complaint sets forth the elements of a strict liability claim without alleging any facts to satisfy those elements. Lucas, 726 F. Supp. 2d at 1155 ("The problem with the allegation is that it simply tracks the general elements of strict products liability and contains no pertinent factual allegations."). The Court dismisses this claim against Amazon without prejudice.

C.  Negligence

State Farm's negligence claim likewise fails for its lack of particularity. State Farm appears to allege Amazon negligently distributed and supplied the Anker battery pack. Compl. ¶ 11. State Farm also alleges Amazon negligently "fail[ed] to issue adequate instruction or warnings" for the Anker product. Compl. ¶ 12. But these conclusions, again, lack any factual support. State Farm does not establish that Amazon

5

owed a duty to the insurance company, Temming, or Turney. Nor does it explain how Amazon breached its duty. State Farm does not even identify who used Amazon to purchase the Anker charging pack. See Compl. ¶ 7 ("The subject battery pack charger had been purchased through Amazon.").

As Amazon maintains, "All Plaintiff does is conclude that Amazon's actions must have been [negligent] because the battery pack was allegedly defective." Mot. at 8. This will not do. See, e.g., Bem v. Stryker Corp., No. C 15-2485 MMC, 2015 WL 4573204, at *1 (N.D. Cal. July 29, 2015); Cruz v. Sears, No. 12-cv-00623-H(BGS), 2012 WL 13175896, at *2 (S.D. Cal. Apr. 16, 2012).

State Farm does not oppose Amazon's characterization in any meaningful way. See Opp'n at 9. Its need to "conduct destructive testing of the product[,] written discovery and depositions," id., does not absolve the complaint's deficiencies. See Iqbal, 556 U.S. at 678-68 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). The Court finds State Farm failed to adequately allege a negligence claim against Amazon. Accordingly, the Court dismisses this claim without prejudice.

### III.   ORDER

For the reasons set forth above, the Court DISMISSES Plaintiff's negligence and strict liability claims against Amazon WITHOUT PREJUDICE. If Plaintiffs elect to amend their complaint

with respect to these claims, they shall file an amended complaint within twenty (20) days of this Order. Defendant's responsive pleading is due twenty (20) days thereafter.

IT IS SO ORDERED.

Dated: July 7, 2020

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE